**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LARRY E. FORDHAM, JR.,**
    Petitioner,

vs.                                                         3:04cv248/MCR/MD

**JAMES V. CROSBY, JR.,**
    Respondent.
    _____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's report and recommendation dated April 11, 2005, (doc. 20), to which the petitioner has filed objections (doc. 31).[1] The court has conducted a <u>de novo</u> determination of those portions of the report and recommendation to which petitioner has objected. See 28 U.S.C. § 636(b)(1).

Having considered the report and recommendation and all objections thereto timely filed, the court has determined that the report and recommendation should be adopted, as modified.

The instant petition is untimely and there is no record basis for applying the doctrine of equitable tolling or another exception to the limitations period that might excuse such untimeliness. Nor, given the allegations of the instant petition, is petitioner entitled to relief in light of <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d (1995), based on a credible claim of actual innocence as the petition does

---

[1] In addition, petitioner has filed a "Renewed Motion for Stay and [to] Abey," which was received by the clerk September 28, 2005, but not docketed due to the lack of petitioner's original signature. Notwithstanding this deficiency, the clerk shall be directed to docket the motion, which the court denies.

not allege an independent claim of constitutional error occurring at trial. Furthermore, even if the petition were not time-barred or petitioner had adequately alleged a claim of actual innocence which would permit review of his time-barred claims, none of the grounds as set forth in the instant petition warrant federal habeas relief. The magistrate judge properly identified petitioner's first three grounds for relief as "variations of a freestanding claim of actual innocence based upon newly discovered evidence (Bonifay's assertions of petitioner's innocence)." (Doc. 20 at 12). And, as noted in the report and recommendation, such claims do not justify habeas corpus relief because there has been no showing of an independent constitutional violation which occurred in the state criminal proceedings. See Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). Petitioner's fourth ground for relief – that he was denied due process in the course of state post-conviction proceedings – likewise does not provide a basis for federal habeas corpus relief. Challenges which assert defects in proceedings collateral to confinement rather than to confinement itself are not properly brought pursuant to Section 2254. See Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004). For these reasons, the instant petition is due to be dismissed.

      Petitioner seeks leave to file an amended petition to "present[ ] the court with independent claims of constitutional error which did occur at trial." (Doc. 31 at 13). Petitioner has not, however, identified any such claims in his objections or submitted an amended petition identifying them, much less demonstrated that they would satisfactorily "relate back" to the claims made in his original petition. Nevertheless, in light of petitioner's pro se status and in the interests of justice, the court shall give petitioner thirty (30) days in which to submit a motion for leave to amend, along with a proposed amended petition containing allegations consistent with his contentions.[2] No motions for enlargement of time by petitioner shall be

---

[2] Accordingly, at present the court obviously has no view of the merit, or lack thereof, of petitioner's contentions.

Case No. 3:04cv248/MCR/MD

**entertained**.  Upon their timely filing, the motion and proposed amended petition shall be referred by the clerk to the magistrate judge for further proceedings, including the preparation of a second report and recommendation, as may be indicated.

Accordingly, it is ORDERED:

1.	The motion to dismiss filed by respondent (doc. 9) is GRANTED.

2.	The petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Larry E. Fordham, Jr.* in the Circuit Court of Escambia County, Florida, case no. 91-606, is DISMISSED.  Such dismissal is without prejudice to petitioner's filing a motion for leave to amend, along with a proposed amended petition, within thirty (30) days of the date of this order, as set forth above.  Petitioner's failure to timely file a motion for leave to amend and proposed amended petition shall result in the clerk's altering the docket to reflect that dismissal of the instant petition is with prejudice.

3.	The clerk shall docket petitioner's "Renewed Motion for Stay and [to] Abey," dated as received September 28, 2005.  This motion is DENIED.

DONE AND ORDERED this 30th day of September, 2005.

	*s/ M. Casey Rodgers*
	**M. CASEY RODGERS**
	**UNITED STATES DISTRICT JUDGE**

Case No. 3:04cv248/MCR/MD